IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ST. LOUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 16-356-SLR |
| | ) |
| KARL HALLER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff James St. Louis ("plaintiff"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, proceeds pro se and has paid the filing fee. He filed this complaint pursuant to 42 U.S.C.§ 1983 claiming violations of his constitutional rights.[1] (D.I. 1)

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant).[2] The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the litigant paid the fee all at once or in installments. *Stringer v. Bureau of Prisons, Fed. Agency*, 145 F. App'x 751, 752 (3d Cir. 2005) (unpublished).

*Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

6. Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

7. **Discussion**. Plaintiff alleges that defendants defense counsel Karl Haller ("Haller"), public defender Carol Dunn ("Dunn"), and State prosecutor Melanie Withers ("Withers") conspired to deny him his right to due process during 2001 criminal proceedings. On May 1, 2001, after a jury trial, plaintiff was found guilty of rape in the first degree and continuous sexual abuse of a child. *State v. St. Louis*, 2016 WL

5864584, at *1 (Del. Super. Oct. 5, 2016). Plaintiff was sentenced on June 22, 2001, as follows: for rape in the first degree, 30 years at level five, suspended after 20 years for six months at level four, followed by nine years six months at level three; for continuous sexual abuse of a child, ten years at level five, suspended after two years for eight years at level three. *Id.* Plaintiff appealed to the Delaware Supreme Court on July 19, 2001, and it affirmed the decision on May 24, 2002. *See St. Louis v. State*, 798 A.2d 1042, 2002 WL 1160979, at *1 (Del. May 24, 2002) (table). Since then, he has filed seven motions for postconviction relief in the State court. *See State v. St. Louis*, 2016 WL 5864584, at *1.

8. Plaintiff's claims revolve around alleged witness tampering and its impact on his criminal trial. He alleges that Withers was behind witness tampering, that Haller was aware there had been witness tampering, but that neither the court nor the jury ever heard allegations or facts that the victim's testimony was manipulated and coerced. (D.I. 1, ¶¶ 22-28) Plaintiff asked his counsel to argue prosecutorial misconduct and third party witness tampering on appeal and in plaintiff's post-conviction relief petition, but the issues were not addressed.[3] (*Id.* at ¶ 31) Plaintiff states that the

---

[3]It is unclear from the complaint if counsel represented plaintiff in any of his many petitions for post-conviction relief. However, the court takes judicial notice that plaintiff appeared *pro se* when he filed his first motion for post-conviction relief in May 2003, and there is no indication that counsel represented plaintiff in the other petitions for post-conviction relief subsequently filed by him. *See State v. St. Louis*, 2004 WL 215364 (Del. Super. 2004), *aff'd*, *St. Louis v. State*, 869 A.2d 328 (Del. 2005) (denying motion for post-conviction relief and motion for appointment of counsel). Nor does the complaint indicate that Withers represented the State in any of the post-conviction motions.

foregoing issues, as well as conspiracy and civil contempt were argued in state and federal court, but the courts have not adjudicated the issues. (*Id.* at ¶ 32)

9. Plaintiff alleges that: (1) Haller and Dunn failed to protect his constitutional rights by conspiring with the State prosecutor to ignore the State's felonious behavior and a third party which resulted in government misconduct and impropriety for the jury to return a guilty verdict; (2) although plaintiff made a request, Haller failed to raise the issues of conspiracy and government misconduct and improprieties on direct appeal; (3) Haller and Dunn failed to report misconduct and improprieties to the judiciary during trial or through an internal investigation; (4) Withers secured a guilty verdict by allowing, instigating, advising, and prompting a third party to manipulate, discuss, and violate a civil contempt order requested by the State to discuss further testimony; (5) Haller and Dunn violated plaintiff's Sixth Amendment rights; (6) Haller and Dunn had a duty to protect plaintiff and insure a fair and just trial; and (7) defendants breached their duties by failing to protect plaintiff's rights and their sworn duties as attorneys. (*Id.* at ¶¶ 33-36, 39-41)

10. **Statute of Limitations**. The actions complained of by plaintiff occurred in 2001. He commenced this action in 2016. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Claims not filed within the two-year statute of limitations

5

period are time-barred and must be dismissed. See *Smith v. State*, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

11. The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. See *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (unpublished) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

12. Plaintiff attempts to avoid running afoul of the limitation period by alleging:

> The statute of limitations exception to rules for action that if successful would demonstrate that a person['s] criminal conviction or sentencing or continuing confinement is invalid. It also is [an] exception if the forgone [sic] claim has **NOT** been adjudicated when addressed to the courts. If the **RESULTS** of the violation [occur] over a period of time it may be considered to be a "continuous wrong" or continuing harm violation which means the statute of limitation may **NOT start to run until the end of that period. See HARDEN v STRAUB 109 S.CT. 1998 (1989)**

(D.I. 1, ¶ 12)

13. Plaintiff's reliance on *Harden v. Straub*, 490 U.S. 536 (1989), is misplaced. The Third Circuit has recognized, as set forth in *Harden*, that a state's statute of limitations for personal injury tort claims—and its tolling principles—generally govern § 1983 claims. See *Wadis v. Norristown State Hosp.*, 617 F. App'x 133 n.3 (3d Cir. 2015) (unpublished). In *Hardin*, the Michigan statute had a provision that tolled the

6

limitations period during an inmate's incarceration. *Id.* Delaware, however, does not have a provision that tolls the limitations period during an inmate's incarceration. *See Marvel v. Clay*, 1995 WL 465322, at *4 (Del. Super. 1995) (there appears to be no general equitable principle requiring a statute of limitations to be tolled for incarcerated plaintiffs, there is no such statute in Delaware, and incarceration alone is not sufficient to toll the statute).

14. **Continuing Violation**. Plaintiff also attempts to avoid the limitations period by alleging that the acts of defendants may be considered a "continuous wrong" or "continuing harm." (D.I. 1, ¶ 12) Under a continuing violation theory, if defendants engaged in a continual course of conduct and plaintiff's action is timely as to any act in that course of conduct, plaintiff may be permitted to litigate violations that are part of the course of conduct. *Van Heest v. McNeilab, Inc.*, 624. F. Supp. 891, 896 (D. Del. 1985). A "continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *See Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982).

15. In the present case, the complaint fails to assert any affirmative acts of defendants beyond the acts taken by them during plaintiff's 2001 criminal trial and direct appeal (decided by the Delaware Supreme Court on May 24, 2002, *St. Louis v. State*, 798 A.2d 1042 (Del. 2002) (table)).[4] Nor is there any indication that defendants took any action or had any involvement in plaintiff's motions for post-conviction relief. *See* n.3, *supra*. The actions taken by defendants as alleged by plaintiff are discrete

---

[4] Matters of public record, including government agency records and judicial records, may be considered by the court. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 257 n.5 (3d Cir. 2006) (citation omitted).

and fixed in time. The only thing that appears to be continuing is plaintiff's incarceration. The continuing violation theory does not save plaintiff's claims against defendants. The claims are time-barred, the instant complaint having been filed many years after the expiration of the limitation period. Therefore, the court will dismiss the complaint as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

16. **Claim Preclusion**. Finally, the claims against defendants are barred by reason of res judicata as they arise from the same set of facts or claims adjudicated on the merits in plaintiff's earlier § 1983 lawsuits. See *St. Louis v. Wilson*, Civ. No. 05-038-SLR, D.I. 11 (D. Del. Sept. 13, 2005) (against Haller, Dunn, and Withers, challenging the legality and propriety of plaintiff's arrest, conviction, sentence, confinement, and prison classification, dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as raised against non-State actors, and based upon prosecutorial immunity); *St. Louis v. Wilson*, Civ. No. 06-682-SLR, D.I. 12 (D. Del. Apr. 24, 2007) (against Withers, raising many of the same allegations within the same time-frame as Civ. No. 05-038-SLR, and dismissed as frivolous, malicious, and time-barred); and *St. Louis v. Marshall*, Civ. No. 07-084-SLR, D.I. 8 (D. Del. Apr. 24, 2007)[5] (against Haller and Withers, challenging actions taken during criminal proceedings, including the veracity of minors' testimony and witness tampering, dismissed as malicious and frivolous, as raised against non-State actors, and based upon prosecutorial immunity).

---

[5]The Third Circuit affirmed the dismissal of Civ. Nos. 06-682-SLR and 07-084-SLR, for substantially the same reasons as given by the court, remanding the matters only for the court to resolve the issue of full payment of the filing fee. See *St. Louis v. Wilson*, 248 F. App'x 343 (3d Cir. 2007) (unpublished).

17. Claim preclusion, formerly referred to as res judicata, bars a claim litigated between the same parties or their privies in earlier litigation where the claim arises from the same set of facts as a claim adjudicated on the merits in the earlier litigation. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 276 (3d Cir. 2014). Res judicata bars not only claims that were brought in the previous action, but also claims that could have been brought. *Id.* at 277 (citations omitted). "A claim extinguished by res judicata includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Id.* (citations omitted). The claims in the instant complaint are either the same as those previously raised by plaintiff, or they could have been raised in plaintiff's prior complaints. Accordingly, the court will dismiss the instant complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1), as it lacks arguable merit in fact or law as barred under the principles of res judicata or claim preclusion.

18. **Conclusion.** For the above reasons, the court will dismiss the action as legally frivolous as time-barred and by reason of claim preclusion pursuant to 28 U.S.C. § 1915(A)(b)(1). The court will also deny plaintiff's request for counsel, found at page 9 of the complaint.[6] The court finds amendment futile. A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

Dated: October 17, 2016

---

[6]Plaintiff has paid the filing fee and was denied in forma pauperis status. As such, the court is without authority to consider his request for counsel. *See* 28 U.S.C. § 1915(e)(1). Even were plaintiff proceeding in forma pauperis, counsel is not warranted in this matter.