IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ST. LOUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 16-356-SLR |
| | ) |
| KARL HALLER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

At Wilmington this 14th day of November, 2016, having considered plaintiff's motion to revisit and redress, construed as a motion for reconsideration (D.I. 7);

1. Plaintiff, an inmate at the James T. Vaughn Correctional Center, moves for reconsideration of the October 17, 2016 memorandum and order that dismissed his case as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). (*See* D.I. 5, 6) The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

3. The court has reviewed plaintiff's complaint and considered plaintiff's position in the instant motion. In doing so, the court finds that plaintiff has failed to demonstrate grounds for reconsideration and, therefore, his motion will be denied.

3. **Conclusion**. For the above reasons, the court will deny the motion for reconsideration. (D.I. 7) A separate order shall issue.

> _[signature]_
> UNITED STATES DISTRICT JUDGE